Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| CASE NUMBER | 00 C 3169 | DATE | 4/19/2001 |
| CASE TITLE | Arnold Demar vs. USA | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Plaintiff's Motion for Reimbursement (16-1) is granted in part and denied in part. Defendant is ordered to reimburse Plaintiff for $80 - $40 for the canceled deposition and $40 for the deposition to take place before 4/27/01. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 23 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 4/19/2001 | |
| | | date mailed notice | |
| VKD | courtroom deputy's initials | VKD6 | |
| | | mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

FILED FOR DOCKETING
01 APR 20 AM 8:52

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARNOLD DEMAR, | ) | No. 00 C 3169 |
| Plaintiff, | ) | |
| | ) | Judge Robert W. |
| v. | ) | Gettleman |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | Magistrate Judge |
| | ) | Arlander Keys |
| Defendant. | ) | |

DOCKETED
APR 23 2001

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Reimbursement. Plaintiff Arnold Demar seeks reimbursement from Defendant of the monies advanced to David F. Beigler, M.D., one of Plaintiff's treating physicians, and for other deposition related fees. For the reasons set forth below, the motion is granted in part and denied in part.

### BACKGROUND

While this appears, at first blush, to be a routine motion for reimbursement, it actually concerns matters of first impression for courts in the Seventh Circuit. Dr. Beigler is one of Plaintiff's treating physicians, and Defendant, the United States of America (hereinafter referred to as "the government"), noticed up his deposition in this personal injury case. The critical

22

question before the Court is whether Dr. Beigler should be compensated, pursuant to Federal Rule of Civil Procedure ("FRCP") 26(b)(4)(C), as an "expert witness", and, therefore, entitled to a "reasonable fee", or whether Dr. Beigler should be treated as a "fact witness", and, therefore, entitled only to the $40 witness attendance fee pursuant to 28 U.S.C. § 1821 ("§ 1821") (West 2000). A related question (although neither party specifically addressed this issue in their respective Reply or Sur-Reply) is whether Dr. Beigler is entitled to a cancellation fee, when the government's chief trial counsel - due to illness - canceled the deposition one hour before it was scheduled.

The relevant facts are as follows. On December 21, 2000, the government requested the deposition of Dr. Beigler, and Plaintiff's counsel assisted in scheduling the deposition for March 19, 2001.[1] After the scheduling of the deposition, Plaintiff's counsel informed the government's chief trial counsel, James Fieweger, that Dr. Beigler expected to be compensated $1200 to take a two-hour deposition.[2] Mr. Fieweger informed Plaintiff's counsel that office

---

[1] Although the government could have subpoenaed Dr. Beigler, defense counsel worked with Plaintiff's counsel to arrange a mutually convenient date.

[2] Dr. Beigler charges $600 per hour, with a two-hour
(continued...)

policy precluded payment of any deposition fees to treating physicians beyond the statutory witness fee. On March 14, 2001, at a status conference before this Court, Plaintiff's counsel agreed to pay Dr. Beigler his customary fee of $1200 in order to keep the scheduled deposition for March 19, 2001, and to request reimbursement through the present Motion.

On March 19, 2001 - the day of the deposition - Mr. Fieweger, who was sick with the flu, called Plaintiff's counsel, at 8:30 a.m., to inform him that he could not attend the deposition scheduled that morning for 9:30 a.m. Plaintiff's counsel suggested having another assistant United States attorney take the deposition, but Mr. Fieweger - who was the only one who had prepared for the deposition - opted to reschedule.

Plaintiff's counsel then immediately called Dr. Beigler's office to apprize him of the cancellation. According to Plaintiff's counsel, Dr. Beigler informed him that it was too late to reschedule patients or surgeries, and requested immediate payment of $1200, as a cancellation fee, which Plaintiff's counsel provided. Plaintiff's counsel now requests reimbursement of essentially $2400 - $1200 for the canceled deposition and $1200 for

---

[2](...continued)
minimum, to provide depositions.

the rescheduled deposition.[3]

## DISCUSSION

It is undisputed that Dr. Beigler, as a treating physician, is a fact witness and not an expert witness in the case *sub judice*. Nonetheless, Dr. Beigler - as well as Plaintiff - request that he be compensated as if he were an expert witness, pursuant to FRCP 26(b)(4)(C).[4] However, there is no authority in the Seventh Circuit that treating physicians are entitled to a "reasonable fee", as expert witnesses, under FRCP 26(b)(4)(C). Therefore, the government argues that treating physicians - as fact witnesses - are, instead, entitled to a $40 statutory fee, plus transportation and subsistence costs, pursuant to § 1821.[5] For the following

---

[3] The rescheduled deposition was initially scheduled to take place on April 5, 2001, but has been postponed to take place anytime before April 27, 2001.

[4] FRCP 26(b)(4)(C) provides, in relevant part: "Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision . . ."

[5] Section 1821(b) provides: "A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." Other subsections of § 1821 specify the travel and subsistence expenses that a witness is

(continued...)

-4-

reasons, the Court agrees.

As Plaintiff acknowledges, the district courts that have addressed this issue are, essentially, split.[6] *See Fisher v. Ford Motor Co.*, 178 F.R.D. 195, 197-198 (N.D. Ohio 1998)(holding that treating physician is not entitled to compensation established by Rule 26(b)(4)(C), and that subpoenaed treating physicians must appear for depositions at the statutory rate of compensation, and are not entitled to resist compliance with the subpoena on the basis that they are losing income); *Mangla v. Univ. of Rochester*, 168 F.R.D. 137, 139-140 (W.D.N.Y. 1996)(holding that a treating

---

[5](...continued)
entitled to recover. *See* § 1821(c)(1)-(3) and (d)(1)-(3).

[6] As the government aptly points out in its Sur-Reply, several of the cases Plaintiff relies on to argue that treating physicians should be entitled to more than the $40 statutory fee, are cases where both parties had already agreed to pay the treating physician more than $40, and the issue before the Court was merely the amount. *See Haslett v. Texas Industries, Inc.*, No. 397-CV-2901D, 1999 WL 354227(N.D. Tex. May 20, 1999); *Slywka v. CMI-Equipment & Enig., Inc.*, No. 1-CV-95-2044, 1997 WL 129378 (M.D. Pa. March 14, 1997); and *Hose v. Chicago and North Western Transp. Co.*, 154 F.R.D. 222 (S.D. Iowa 1994). Here, the issue is whether Defendant should be required, as a matter of law, to pay a treating physician more than the statutory amount. In other words, unlike the aforementioned cases, both parties in the case *sub judice* have not agreed to compensate the treating physician more than the $40 statutory witness fee. Indeed, the government's position has consistently been that office policy precludes the paying of treating physicians more than the statutory witness fee.

physician, who is not being deposed as retained expert, "is entitled to $40 per day plus mileage and not his hourly billing rate."); *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 350 (D. Colo. 1995)(limiting treating physicians to recovery of $40 deposition fee). *But see Harvey v. Shultz*, No. 99-1217-JTM, 2000 WL 33170885, at * 2 (D. Kan. Nov. 16, 2000)("The Court adopts the view that treating physicians should ordinarily be allowed a reasonable fee beyond the $40 statutory limit."); *Haslett v. Texas Industries, Inc.*, No. 397-CV-2901D, 1999 WL 354227, at * 2 (N.D. Tex. May 20, 1999)(acknowledging that some courts compensate treating physicians at a reasonable rate for giving depositions in cases where they are not parties); *Coleman v. Dydula*, 190 F.R.D. 320 (W.D.N.Y. 1999)("Based on the virtual split of authority on the issue, . . . I find it appropriate in this case to direct that defendants pay [treating physicians] a 'reasonable fee' for their deposition testimony, pursuant to Rule 26(b)(4)(C)."); *Scheinholtz v. Bridgestone/Firestone, Inc.*, 187 F.R.D. 221, 222 (E.D. Pa. 1999)(reluctantly approving the agreed-upon fee of $600 per hour for treating physician's deposition).

Significantly, no district court in the Seventh Circuit has

addressed this issue[7], and the aforementioned cases merely serve as persuasive authority. The issue, essentially, boils down to policy.

In arguing that treating physicians should be compensated more than the statutory fee, Plaintiff asserts that the following reasoning in *Haslett* is particularly persuasive:

> It is customary in this district and in area state courts for parties to compensate physicians at a reasonable rate for giving depositions in cases in which they are not parties. Physicians provide invaluable services to the public and should be remunerated for their time when they cannot deliver medical care. They often have substantial overhead costs that they incur whether they are treating

---

[7] The government argues that *Phillips v. Bartoo*, 161 F.R.D. 352 (N.D. Ill. 1995) is the only case from the Northern District of Illinois that addresses Plaintiff's ability to recover witness fees paid to a treating physician. The Court finds that this case, however, is not on point. In *Phillips*, the plaintiffs rejected the personal injury defendant's $5000 offer of judgment, and the plaintiffs then obtained a verdict of less than $900. The defendant sought to recover more than $2400 in costs pursuant to FRCP 68, including $750 for the preparation, time, and testimony of his expert witness, and $322.75 for the trial testimony of his treating physician. In finding that defendant was entitled to recover witness fees for both the expert and treating physician, the court felt constrained - under § 1821 - to limit the award to only $40 per day attendance fee for each witness. In the case *sub judice*, however, the issue is not the recovery of costs under FRCP 68 (after a rejected offer of judgment), where *both* the expert witness and treating physician were only entitled to $40. Rather, the case at bar concerns a treating physician who wants to be compensated for his deposition, as an expert witness, under FRCP 26(b)(4)(C). Therefore, the Court does not find *Phillips* to be relevant to the present controversy.

> a patient or testifying about one. Litigators and their clients typically obtain physician testimony by deposition rather than by imposing the additional burdens associated with attendance at trial. They also respect the need to compensate physician-witnesses to the extent necessary to cover their overhead costs and to pay them a fee commensurate with their professional standing and special expertise.

1999 WL 354227, at * 6. This Court, however, respectfully disagrees with this reasoning, because it singles out the medical profession for special treatment. While physicians certainly have significant overhead costs and a special expertise, so do a myriad of other professions. For instance, should fact witnesses who happen to be engineers, attorneys, accountants or consultants - professions also with special expertise and significant overhead costs - similarly be allowed more than the statutory fee prescribed by § 1821? If the answer is in the affirmative, then does § 1821 merely apply to less prestigious professions? Who decides what professions fall under § 1821 versus the more lucrative "reasonable fee" under FRCP 26(b)(4)(C)? This Court declines to set precedent in this jurisdiction that, essentially, singles out physicians for special treatment. Rather, the more prudent course of action is to follow the unambiguous tenets of FRCP 26(b)(4)(C) and § 1821, which provide that expert witnesses - *independent of their profession* - obtain compensation at a "reasonable fee", while fact witnesses -

*independent of their profession* - receive compensation at the statutory fee of $40. If Congress wishes to single out certain professions for higher compensation, that is certainly its prerogative, but this Court declines to enter that arena, which is, essentially, a slippery slope.[8] Accordingly, the government is ordered to pay Dr. Beigler (or reimburse Plaintiff) $40 for his deposition.

With respect to the cancellation fee of $1200, the same reasoning applies. The question remains whether the government should be required to pay the $40 statutory fee for the March 19, 2001 deposition that Mr. Fieweger canceled at the last moment. While Mr. Fieweger was ill - something out of his control - the Court, nonetheless, finds that the statutory fee of $40 should be paid to Dr. Beigler, who had cleared his schedule for the two-hour deposition. While this Court (and apparently both parties, as neither addressed this issue) was unable to find any case directly on point, the reasoning in *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543 (D. Ariz. 1999) is helpful.

---

[8] Of course, this Court has no problem with Plaintiff paying his treating physician $1200 for the government's deposition. The overriding point is that the government is not required to pay Dr. Beigler any more compensation than the statutory fee allows.

-9-

In *Edin*, plaintiff's counsel had reserved two full hours to depose defendant's expert witness, a surgeon who defendant had retained to conduct an independent medical examination of plaintiff. Plaintiff's counsel only used one hour for the deposition, and the doctor requested compensation for the full two hours. The Court found that the doctor should be compensated for the full two hours, as the doctor had not scheduled medical matters for that second hour, and did not have advance notice to make alternative plans. Although *Edin* concerns an expert witness (and not a treating physician), the same reasoning about a witness' time is applicable here, where Dr. Beigler was unable to schedule medical matters for the two hours reserved on March 19, 2001, as Mr. Fieweger's cancellation was one hour before the scheduled deposition. However, consistent with the earlier reasoning in this opinion, Dr. Beigler is only entitled to the statutory fee of $40, as he is not an expert witness.

## CONCLUSION

For the reasons set forth above, Defendant is ordered to reimburse Plaintiff for $80 - $40 for the canceled deposition and $40 for the deposition to take place before April 27, 2001.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reimbursement be, and the same hereby is, GRANTED in part, and DENIED in part.

DATED: April 19, 2001

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge